IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 10:20 am, Dec 22, 2020

| | |
|---|---|
| JODY LEE RABY, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT ADAMS, JR.; and EUGENE SAPP, in their individual and official capacities, <br><br> Defendants. | CIVIL ACTION NO.: 6:19-cv-77 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Coffee Correctional Facility in Nicholls, Georgia, filed this action asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is now before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary relief against Defendants in their official capacities and **DENY** Plaintiff's request for preliminary and permanent injunctive relief. However, I **FIND** Plaintiff's remaining claims may proceed, and, therefore, direct service, by separate Order, of those claims on Defendants Adams and Sapp.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 based on events that occurred at Jenkins Correctional Facility in Millen, Georgia, in 2018 and 2019. Doc. 13. In his second

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017). Plaintiff initially filed a Complaint on August 14, 2019. Doc. 1. He filed an Amended Complaint, which reasserted the same allegations as his initial Complaint, on August 21, 2019. Doc. 6. Then on October 31, 2019, after receiving permission from the Court, Plaintiff filed a second Amended Complaint. Doc. 13. "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment

Amended Complaint, Plaintiff, who identifies as gay, alleges he experienced harassment and sexual threats while housed in the open dorms of Jenkins Correctional Facility ("Jenkins"). Id. at 2–3. After making many reports to Defendant Adams, the Warden at Jenkins, and Defendant Sapp, the Unit Manager for the 100 building at Jenkins, as well as others, Plaintiff was moved to dorm 100-c in January 2018. Id. at 2. The 100 dorm had private showers and restrooms, and Plaintiff remained there for 10 months without problems. Id. at 2–3. However, he was ultimately returned to the open dorm in September 2018. Id. at 3. Upon his return to the open dorm, he again experienced threats and was placed in segregation on September 10, 2018, for his safety. Defendant Sapp moved Plaintiff back to the open dorm on September 18th, and on September 21st, an investigator returned Plaintiff to segregation and told him he would be moved to the 100-c dorm where he would be safe. Id. However, Defendant Adams instructed Defendant Sapp to move Plaintiff back to the open dorm, and on October 12, 2018, Defendant Sapp did so. Id. at 3–4.

On Plaintiff's first day back in the open dorm, he received threats. Then, on October 13, 2018, he was awoken late at night by a fellow inmate who persuaded Plaintiff to meet him in the bathroom and then raped Plaintiff. Plaintiff was similarly raped by the same inmate on October 15, 2018. Id. at 4.

In July 2019, Plaintiff made reports to officials concerning the October 2018 rapes, as well as discrimination by Defendant Sapp. Id. at 5–6. On August 19, 2019, prison officials told Plaintiff the investigation into his reports was closed as "unsub[s]tantiated." Plaintiff and eight

---

specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Accordingly, this Court, in conducting its review under § 1915A, will only consider the allegations of Plaintiff's Second Amended Complaint, doc. 13. See Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013) ("The district court did not err in considering [pro se prisoner's] Amended Complaint to supersede his Initial Complaint.").

other inmates, who identified as homosexual, were transferred out of Jenkins pursuant to an emergency transfer on October 9, 2019.  Id. at 6.

Plaintiff is now suing Defendants Adams and Sapp in their official and individual capacities, alleging constitutional violations, including discrimination and failure to protect.  Id. at 2, 7.  He seeks compensatory and punitive damages as well as a preliminary and permanent injunction.  Id. at 8.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than

3

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

**I.      Claims for Monetary Damages Against Defendants in Their Official Capacities**

Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants Adams and Sapp in their official capacities. States are immune from private suits based on the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities to the extent they are employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary relief against Defendants in their official capacities, and, therefore, the Court should **DISMISS** such claims.

If Defendants are employed by a private prison contractor and not the Georgia Department of Corrections or the State of Georgia, the Court must apply a different analysis; however, it still finds any claims for monetary damages against Defendants in their official capacities fail. By seeking to hold Defendants liable in their official capacities, Plaintiff essentially is assigning liability to their employer. While private contractors who run prisons or units thereof can be subject to suit under § 1983, see Farrow v. West, 320 F.3d 1235, 1239 n.3

(11th Cir. 2003), they cannot be held liable on a respondeat superior or vicarious liability basis. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).  Rather, the Eleventh Circuit Court of Appeals applies the holding of Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), to such private entities, allowing liability under § 1983 only where an action pursuant to an official policy or custom causes a constitutional tort.  See Buckner v. Toro, 116 F.3d 450, 453 (11th Cir. 1997) ("Monell policy or custom requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates.").

Here, Plaintiff fails to allege an established policy or custom on the part of any private contractor which led to the violation of his constitutional rights.  Accordingly, in the event the Defendants are employed by a private prison contractor and not the Georgia Department of Corrections or the State of Georgia, any claims for monetary damages against them in their official capacities still fail and should be **DISMISSED**.

## II.    Claims for Injunctive Relief

Plaintiff's claims for preliminary and permanent injunctive relief cannot survive the Court's screening.  Plaintiff has requested a preliminary and permanent injunction "ordering defendants Robert Adams and Eugene Sapp to follow proper protocol when a homosexual reports being sexually harassed or threat[e]ned and to protect the inmate as required by law." Doc. 13 at 8.  The record indicates Plaintiff is no longer housed at Jenkins.  Doc. 11 (indicating Plaintiff transferred from Jenkins to Coffee Correctional Facility).  "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief."  McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984); see also Robbins v. Robertson, 782 F. App'x 794, 800 (11th Cir. 2019) (noting "an injunction directing his former

prison officials to provide Plaintiff with a particular diet would provide Plaintiff with no relief"). Plaintiff has no standing to seek an injunction directed at the Defendants who work at Jenkins, as Plaintiff is no longer housed at their facility. See O'Shea v. Littleton, 414 U.S. 488, 495 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . ."). Further, Plaintiff does not have standing to seek injunctive relief on behalf of the inmates still housed at Jenkins. See City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) ("Plaintiffs must demonstrate a 'personal stake in the outcome.'"). Lastly, issuing an order instructing Defendants to "follow proper protocol" or to otherwise comply with the law serves little purpose, as it would amount to nothing more than an instruction to "obey the law." Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law"). Accordingly, I **RECOMMEND** the Court **DISMISS** any claims for injunctive relief against Defendants Adams and Sapp.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary relief against Defendants in their official capacities, and I also **RECOMMEND** the Court **DENY** Plaintiff's request for preliminary and permanent injunctive relief.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020). To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1191–92; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 22nd day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA